IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIRECTV, Inc., | NO. C 04-03466 JW |
| Plaintiff, | **ORDER GRANTING DEFAULT JUDGMENT** |
| v. | |
| Trung Pham, | |
| Defendant. | |

## I. INTRODUCTION

Presently before the Court is Plaintiff DIRECTV, Inc.'s ("Plaintiff") Motion for Default Judgment against Defendant Trung Pham ("Defendant") pursuant to Rule 55, FED. R. CIV. P. Defendant has neither appeared in this action nor submitted an opposition to Plaintiff's motion. Based upon all papers filed to date, as well as the telephonic oral argument of Plaintiff's attorney, Brandon Tran, on August 22, 2005, the Court finds that Plaintiff is entitled to default judgment against Defendant.

## II. BACKGROUND

On August 20, 2004, Plaintiff filed this action against Defendant for violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, et seq., the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and California common law. Plaintiff alleges that Defendant purchased and used five (5) Pirate Access Devices consisting of three (3) "Netsignia 210", one (1) "PUT", and one (1) "T6 Wave." Defendant alleges that all five devices, used at different times, are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV.

1  Defendant failed to answer the complaint or otherwise defend the action. On December 27, 2004, the
2  Clerk of this Court entered default as to Defendant Trung Pham. On June 9, 2005, Plaintiff filed this
3  Motion for Default Judgment.

## III. STANDARDS

Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1, 12 (1944)). In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV. DISCUSSION

**A.  Statutory Damages**

Plaintiff's motion requests statutory damages against Defendant in the amount of $50,000 for violations of 18 U.S.C. § 2520(a) and 47 U.S.C. § 605(e)(4). Previously, in the context of another case brought by Plaintiff, this Court concluded that DIRECTV's services are covered by both the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the Federal Communications Act of 1934, 47 U.S.C. § 605, et seq. See DIRECTV v. Tom Thai, C 04-03471 JW, April 7, 2005 Order Granting Default Judgment at 5:10-11. However, because the damage to DIRECTV is caused by the same underlying conduct, the Court finds it appropriate for Plaintiff to elect which of the two statutes it is seeking relief under.

During oral argument, Plaintiff elected to pursue damages exclusively under 47 U.S.C. § 605(e)(4), which prohibits any person from manufacturing, assembling, modifying, importing, exporting, selling, or distributing any electronic, mechanical, or other device or equipment that is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services. The Complaint

alleges that Defendant "knowingly manufactured, assembled, sold, distributed, or modified an electronic, mechanical or other device or equipment knowing, or having reason to know, that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite programming, or direct-to-home services, or is intended for any other prohibited activity." (Complaint ¶ 23.) Additionally, Plaintiff asserts that Defendant "actively programmed and reprogrammed DIRECTV Access Cards and designed electronic systems for use in surreptitiously obtaining DIRECTV satellite programming. Further, by removing and inserting Pirate Access Devices and/or inserting illegally programmed Access Cards into valid DIRECTV Receivers, Defendant engaged in the unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of satellite programming." (Id.) Construing these allegations as true for purposes of Plaintiff's Motion for Default Judgment, the Court finds that Defendant is liable to Plaintiff for relief under 47 U.S.C. § 605(e)(4).

For purposes of all penalties and remedies established for violations of 47 U.S.C. § 605(e)(4), the prohibited activity established in that paragraph as it applies to each such device shall be deemed a separate violation. 47 U.S.C. § 605(e)(4). Therefore, the Court awards Plaintiff statutory damages in the amount of $10,000 for each of Defendant's five (5) violations of § 605(e)(4), for a total award of $50,000.

**B.     Attorneys' Fees**

Plaintiff seeks an award of the attorneys' fees incurred in prosecuting this action against Defendant in the amount of $2,697.00. Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), Plaintiff is entitled to recover full costs, including reasonable attorneys' fees. The Court has reviewed Plaintiff's attorneys' fees in this action and finds both the hours spent and the rate of compensation to be reasonable. Therefore, the Court will award Plaintiff its full amount of attorneys' fees associated with this action.

## V.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment is GRANTED. Plaintiff is awarded damages against Defendant in the amount of $50,000 in statutory damages and $2,697.00 in attorneys' fees for a total of $52,697.00. Further, Plaintiff is entitled to costs pursuant to Rule 54, FED. R. CIV. P. and is directed to file a Bill of Costs in compliance with the Local Rules of this Court.

3

| | |
|---|---|
| Dated: August 24, 2005 |   /s/ James Ware<br>JAMES WARE<br>United States District Judge |

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan J. Kessel Akessel@buchalter.com
Keli Nicole Osaki Kosaki@buchalter.com
Sandeep J. Shah sshah@buchalter.com
Suzanne M. Burke sburke@buchalter.com

**Dated: August 24, 2005**                                                         **Richard W. Wieking, Clerk**

                                                                                    **By:   /s/ JW Chambers**
                                                                                         **Ronald L. Davis**
                                                                                         **Courtroom Deputy**

**United States District Court**
For the Northern District of California